IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDRA KUMAR, et al.,<br><br>         Plaintiffs,<br><br>    vs.<br><br>CHINA AIRLINES, et al.,<br><br>         Defendants. | No. CV-F-08-1044 OWW/GSA<br><br>MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' REQUEST FOR CONTINUANCE (Doc. 38), VACATING HEARINGS SET FOR FEBRUARY 9, 2009, AND CONTINUING HEARING ON PLAINTIFFS' MOTION TO WITHDRAW AUTOMATIC ADMISSIONS TO MARCH 23, 2009 AND ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION TO APRIL 4, 2009 |

Plaintiffs Narendra Kumar, Manish Kumar, Monica Kumar and Savitri Srivastava, then proceeding *in pro per*, filed a Complaint against Defendant China Airlines ("CAL") and Does 1-10 in the Stansilaus County Superior Court, arising out of the alleged denial of their boarding a China Airlines flight from New Delhi, India, to San Francisco, California, despite having received boarding passes and clearing airport security and immigration. The action was removed to this Court on July 21, 2008.

On August 13, 2008, CAL filed a motion to dismiss for lack of subject matter jurisdiction, contending that Plaintiffs' claims are governed exclusively by the Warsaw Convention, and that the only places where Plaintiffs can bring suit against CAL are Taiwan or India.  CAL set the motion for hearing on October 27, 2008.  The motion to dismiss was continued by the Court to November 11, 2008 and again, at the request of CAL, to December 1, 2008.  The hearing on the motion to dismiss was again continued by the Court to February 9, 2009.

On December 4, 2008, Plaintiffs filed a motion to withdraw automatic admissions, noticing the motion for hearing on February 9, 2009.

On January 16, 2009, the Law Offices of Jeffrey D. Bohn was substituted as counsel for Plaintiffs and moved for continuance of the hearing on the motion to withdraw automatic admissions to a date beyond March 9, 2009 and on the motion to dismiss to a date beyond March 23, 2009.  Plaintiffs' request for continuance of the hearings is supported by the Declaration of Teresa B. Petty, counsel for Plaintiffs:

> 4.   That it became apparent after a review of the pleadings and facts in this matter that this office needs additional time to adequately prepare for the current motions on the courts [sic] calendar in this matter.
>
> 5.   That PLAINTIFFS' *Motion to Withdraw the Automatic Admissions Resulting From Lack of Response* should be heard first, because facts to support PLAINTIFFS' opposition are directly at issue in this motion and the Courts [sic] decision will shape the formation of PLAINTIFFS [sic] factual and

          legal arguments opposing Defendant's motion dramatically.

CAL does not oppose Plaintiffs' request for continuance. However, CAL objects to continuance of its motion to dismiss until after resolution of Plaintiffs' motion to withdraw admissions. CAL asserts that Plaintiffs do not articulate exactly why the two motions cannot be heard on the same date, noting that Plaintiffs initially set their motion to withdraw admissions for the same date as the motion to dismiss. CAL contends that "its motion to dismiss stands on its own and CAL has yet to rely upon or incorporate any of plaintiffs' default admissions in its motion, although, CAL anticipates doing so in its reply brief." CAL further contends that hearing the two motions on different dates will prejudice CAL because CAL will be required to twice incur attorneys fees for its counsel to travel to Fresno from Los Angeles to hear the motions.

CAL's objection to continuing the hearing on the motion to dismiss until after Plaintiffs' motion to withdraw admissions is misplaced. Plaintiffs were proceeding *in pro per* when they noticed their motion for the same date as the motion to dismiss. Plaintiffs, through their counsel, have stated that resolution of their motion is necessary to their opposition to the motion to dismiss. CAL's contention that it will be prejudiced by two different hearing dates is baseless. CAL requested telephonic appearance for its motion to dismiss and can do so for the hearing on Plaintiffs' motion.

3

**For the reasons stated:**

**1. Plaintiffs' request for continuance is GRANTED. Plaintiffs' motion to withdraw admissions is continued from February 9, 2009 to Monday, March 23, 2009 at 10:00 a.m. CAL's motion to dismiss is continued to Monday, April 4, 2009 at 10:00 a.m.**

IT IS SO ORDERED.

**Dated:  February 2, 2009**               /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

4