1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT FOR THE

7                  EASTERN DISTRICT OF CALIFORNIA

8

9  NARENDRA KUMAR, et al.,        )      No. CV-F-08-1044 OWW/GSA
                                  )
10                                )      MEMORANDUM DECISION GRANTING
                                  )      PLAINTIFFS' MOTION TO
11              Plaintiffs,       )      WITHDRAW AUTOMATIC
                                  )      ADMISSIONS (Docs. 30 & 36)
12         vs.                    )      AND DENYING PLAINTIFFS'
                                  )      REQUEST FOR MONETARY
13                                )      SANCTIONS
   CHINA AIRLINES, et al.,        )
14                                )
                                  )
15              Defendants.       )
                                  )
16  _____)

17      Before the Court is Plaintiffs' motion to withdraw automatic

18  admissions.

19      On June 5, 2008, Plaintiffs Narenda Kumar, Manish Kumar,

20  Monica Kumar, and Savitri Srivastava, then proceeding *in pro per*,

21  filed a Complaint against China Airlines and Does 1-10 in the

22  Stanislaus County Superior Court for "business tort/unfair

23  business practice," "breach of contract and breach of faith,"

24  "general negligence," "intentional tort and harassment &

25  endangering life," and "prejudice & discrimination," arising out

26  of the alleged denial of their boarding a China Airlines flight

                              1

from New Delhi, India, to San Francisco, California, despite having received boarding passes and clearing airport security and immigration.

Defendant removed the action to this Court on July 21, 2008. In this action, by Order filed on July 22, 2008, the Initial Scheduling Conference was set for October 30, 2008. On July 28, 2008, Defendant filed an Answer to the Complaint.

On August 13, 2008, Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction because the United States is not a proper forum in which Plaintiffs can bring their claims pursuant to Article 28 of the Warsaw Convention. (Doc. 14), noticing it for hearing on October 27, 2008. By Minute Order filed on September 2, 2008, the hearing on the motion to dismiss was continued to November 3, 2008 and the Initial Scheduling Conference was continued to December 12, 2008. Again at Defendant's request, the hearing on the motion to dismiss was continued to December 1, 2008. By Declaration filed on October 7, 2008, Defendant's counsel, Julia K. Doyle, averred in connection with her request for continuance of the hearing on the motion to dismiss:

> 2. I have made several unsuccessful attempts to contact the plaintiffs in the instant action, as follows:
>
> • On August 19, 2008, I called Mr. Narendra Kumar ... at the telephone number listed on the Court's docket. There was no answer, and no answering machine or service.
>
> • On August 22, 2008, I again

> attempted to telephone Mr. Kumar ... Once again, there was no answer, and no answering machine or service.
>
> • On August 27, 2008, I sent a letter to the plaintiffs, advising them that Condon & Forsyth LLP represents China Airlines in the instant matter, and requesting that they contact me as expediently as possible ....
>
> • On September 11, 2008, I caused to be served on each plaintiff China Airlines' First Set of Requests for Admission ....
>
> • On October 2, 2008, I again attempted to telephone Mr. Kumar ... Again, there was no answer, and no answering machine or service.
>
> • On October 2, 2008, I sent a second letter to plaintiffs requesting that they contact our firm ....

By Minute Order filed on November 7, 2008, the hearing on the motion to dismiss was continued to February 2, 2009 and the Initial Scheduling Conference was continued to March 27, 2009. On December 4 and 9, 2008, Plaintiffs, still proceeding *in pro per*, filed their motion to withdraw deemed admissions, noticing the motion for hearing on February 9, 2009.  On January 16, 2009, Jeffrey D. Bohn was substituted as counsel for Plaintiffs. Plaintiffs moved to continue the hearings on the motion to withdraw deemed admissions and the motion to dismiss and moved to hear the motion to dismiss after resolution of their motion to withdraw deemed admissions.  Plaintiffs' motion was granted by Order filed on February 3, 2009.  By Minute Order filed on

February 4, 2009, the Initial Scheduling Conference was continued to June 12, 2009.

In support of the motion to withdraw automatic admissions is filed Plaintiffs' Declaration, executed on November 24, 2008 in India:

>1) Plaintiff Savitri Srivastava, aged 59 years is suffering from Diabetes, Hyper tension [sic], Ischemic Heart Disease, is suffering from repeated episodes of angina and is seriously ill an is under medication and may need bypass surgery & needs time to recover to be able to travel to U.S.A.

>2) Plaintiff Narendra Kumar, aged 69 years, is suffering from COPD, asthma and severe respiratory and heart failure exacerbated by infections. Is currently on oxygen and medication. He also needs to time to recover to travel to the U.S.A.

>3) Because all four plaintiffs are in a foreign country, they did not receive the requests for admission until a later date in India.

>4) Lack of knowledge - As soon as request for admissions were received, responses were served on Nov. 17, 2008.

>5) We are also negotiating with the attorneys in the mean time, to represent us.

Rule 36(a) provides that the "matter is deemed admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party ...." "Failure to respond to requests for admission results in automatic admission of the matters requested ... No motion to establish the admissions is

4

needed because Federal Rule of Civil Procedure 36(a) is self-executing." *Federal Trade Commission v. Medicor LLC,* 217 F.Supp.2d 1048, 1053 (C.D.Cal.2002).

Plaintiffs argue that Defendant's First Set of Requests for Admission were served prematurely and that their motion should be granted on that basis. Plaintiffs cite Rule 26(d)(1), Federal Rules of Civil Procedure:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

There has been no Initial Scheduling Conference in this action. There is nothing in the record establishing that Defendant obtained a Court Order to serve the Requests for Admission before the Initial Scheduling Conference.

Plaintiffs cite *DIRECTV, Inc. v. DeVries*, 302 F.Supp.2d 837, 838 (W.D.Mich.2004). There, Defendant moved for summary judgment based on deemed admissions. The District Court held that Defendant's requests for admission were prematurely served, citing Rule 36(a), Federal Rules of Civil Procedure: "Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d)."

Rule 36(b), Federal Rules of Civil Procedure, provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(c), the court may permit withdrawal or amendment if it

> would promote the presentation of the merits
> of the action and if the court is not
> persuaded that it would prejudice the
> requesting party in maintaining or defending
> the action on the merits.

"'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir.2007).

Defendant argues that Plaintiffs have not shown that upholding the deemed admissions would eliminate the presentation of the merits of the case. Defendants assert that "a majority of the requests are clearly consistent with the facts of this case and were used to further support the other evidence submitted with China Air's motion for summary judgment [sic]."

Plaintiffs reply that Defendant's Request for Admission seek to have Plaintiffs concede that the Warsaw Convention as amended by the Hague Protocol governs rights and liabilities in this matter and that Plaintiffs' suffered no bodily injury as result of Defendant's alleged actions. Plaintiffs contend:

> As to the Warsaw Convention, if Plaintiffs'
> admissions are not withdrawn, there will be
> no need for any presentation of evidence
> regarding the proper legal doctrine to be
> applied to Plaintiffs' claims in this matter.
> Furthermore, as to sustaining bodily
> injuries, the upholding of the deemed
> admissions would eliminate the need of
> Plaintiffs' to give a presentation of the
> merits regarding injuries sustained as
> alleged in their Complaint.

The party relying on the deemed admissions has the burden of proving prejudice. *Conlon, supra*, 474 F.3d at 622. "The

prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a person may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995).

Defendant argues that it has proved prejudice if Plaintiffs' motion is granted "because China Air will suddenly need to obtain evidence with respect to the questions previously admitted, *i.e.,* that the Warsaw Convention applies to this action." Defendant further asserts:

> [I]t was not until well after the due date
> did [sic] plaintiffs' request an extension to
> provide responses. Due to the long delay by
> plaintiffs to contact China Air regarding
> their responses, China Air had deemed these
> admissions admitted and did not pursue any
> follow up discovery. Had plaintiffs
> requested an extension within a closer
> proximity to the due date, China Air would
> have accommodated the request.

Defendant's claim of prejudice is baseless. No Initial Scheduling Order has been issued in this action. The time to conduct discovery, assuming that the Court has subject matter jurisdiction, has not even begun. Further, at the hearing, Defendant conceded that it will suffer no prejudice if Plaintiffs' motion is granted because the hearing on Defendant's

motion to dismiss has been continued.[1]

Plaintiffs' motion to withdraw deemed admissions is GRANTED.

In their reply brief, Plaintiffs request that the Court award "Plaintiffs' any costs and expenses the court deems appropriate in this matter." Plaintiffs argue:

> Plaintiffs were *pro se* during all times relevant herein. Plaintiffs believed since a lengthily [sic] continuance had been granted in this matter they had time to travel to India to receive much needed medical treatments they could not afford in the United States. Plaintiffs further believed that they had time to retain legal counsel upon their return to the United States ... However, much to their dismay, as a result of the service of the premature formal discovery, Plaintiffs have experienced a great deal of emotional distress in believing their claim will be defeated on a procedural matter, and not decided on the merits of their case. In addition, Plaintiffs have been damaged financially due to Defendant's impermissible discovery demands. Financial damages incurred include, but are not limited to the following:
>
> • international postage charges;
>
> • cost of time and expense in pursuing responses to the premature admissions;
>
> • preparation of this present motion to withdraw the automatic admissions;
>
> • litigation and attorney's fees to go forward with the motion to withdraw automatic admissions.

---

[1] At the hearing, the Court inadvertently stated that the hearing on Defendant's motion to dismiss has been continued to June 12, 2009. The hearing on the motion to dismiss has been continued to April 6, 2009; the initial scheduling conference has been continued to June 12, 2009.

Plaintiffs' request for a monetary sanction is DENIED. Plaintiffs' request was made for the first time in their reply brief; no evidentiary support for those costs and expenses is provided; Plaintiffs themselves failed to comply with the Local Rules of Practice concerning their current contact information; and the motion to dismiss was filed before Defendant's requests for admission were served.

For the reasons stated:

1.   Plaintiffs' motion to withdraw automatic admissions is GRANTED and Plaintiffs' request for monetary sanctions is DENIED;

2.   Plaintiffs shall filed corrected admissions within 30 days of the filing date of this Memorandum Decision.  The parties shall confer within the week to prepare for the initial Scheduling Conference;

3.   Counsel for Plaintiffs shall prepare and lodge a form of order consistent with this Memorandum Decision within five (5) court days of service of this Memorandum Decision.

IT IS SO ORDERED.

Dated:    **March 24, 2009**              **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE